THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARATHON FUNDING SERVICES, INC., ROBERT CRAWFORD, and PETER YAGI, <br><br> Plaintiffs, <br><br> v. <br><br> LOUIS J. BERG and IRVING A. SONKIN, <br><br> Defendants. | CASE NO. C19-0828-JCC <br><br> ORDER |

This matter comes before the Court on Defendant Irving A. Sonkin's motion to dismiss (Dkt. No. 42). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendant Sonkin's motion to dismiss (Dkt. No. 32) for the reasons explained herein.

**I.      BACKGROUND**

This case involves a $250,000 loan issued to Marathon and secured by real property located at 7152 34th Ave SW, Seattle, WA 98126. (Dkt. No. 6 at 2.) Robert W. Crawford is the majority shareholder of Marathon Funding Services, Inc. ("Marathon"), and Peter K. Yagi is the minority shareholder. (*Id.*) On September 9, 2016, Louis J. Berg loaned Marathon $250,000. (*Id.*) Marathon executed a promissory note for Berg and gave him a mortgage encumbering the

property at issue. (Dkt. No. 6-1.) Sonkin served as counsel for Berg in the transaction. (Dkt. No. 6. at 2–3.) The deed of trust lists Marathon as the grantor, Berg as the beneficiary, and Chicago Title Insurance Company as the trustee. (Dkt. No. 6-2 at 1.) On September 8, 2018, Sonkin served Marathon with a notice of default. (Dkt. No. 6 at 5.) On October 1, 2018, Sonkin, acting as successor trustee for the deed of trust, served Marathon with a notice of non-judicial foreclosure and a notice of trustee's sale. (*Id.*; Dkt. Nos. 6-6 at 3; 6-7 at 1.)

Plaintiffs allege that Defendants structured the loan as a commercial loan, even though they knew the property was owner-occupied, and that therefore some of the terms were illegal. (*Id.* at 3–4.) Plaintiffs further allege that Defendants accelerated the loan, increased the interest rate, and then carried out a wrongful non-judicial foreclosure of the property. (*Id.* at 4–6.) On May 29, 2019, Plaintiffs filed suit. (Dkt. No. 1.) Plaintiffs bring claims against Defendants for (1) failure to provide disclosure documents and interfering with Plaintiffs exercising federal rights, in violation of 15 U.S.C. §§ 1635 and 1639 and 12 C.F.R. § 226.23; (2) unfair or deceptive practices by setting the loan payments too low to cover interest, in violation of 15 U.S.C. § 1639; (3) fraud in failing to credit $43,000 in Plaintiffs' payments, in violation of 18 U.S.C. § 1341; (4) loss of value and monetary damages; and (5) claims related specifically to Sonkin and arising from his role as trustee to the Berg loan, including notary fraud, failure to perform trustee duties, conflict of interest, failure to follow non-judicial foreclosure procedures, faulty notice of foreclosure and trustee's sale, consumer protection violation, breach of fiduciary duty, breach of contract, and malpractice. (*Id.* at 6–13.) Sonkin now moves to dismiss all claims against him. (Dkt. No. 36.)

## II.  DISCUSSION

### A.  Order to Show Cause

Corporations must be represented by counsel. *See* W.D. Wash. Local Civ. R. 83.2(b)(4). Marathon is a corporation. (Dkt. No. 6 at 2.) On February 21, 2020, Plaintiffs' attorneys notified Plaintiffs of their intent to withdraw as counsel and the need to obtain replacement counsel for

Marathon. (*See* Dkt. No. 30 at 2.) On March 10, 2020, Plaintiffs' attorneys filed a motion for leave to withdraw as counsel for Plaintiffs. (Dkt. No. 30.) Its attorneys certified to the Court that they had advised Marathon that failure to obtain a replacement attorney by the effective withdrawal date could result in dismissal of the corporation's claims. (Dkt. Nos. 30 at 2, 31 at 1.) On April 16, 2020, the Court granted the motion to withdraw as counsel and ordered Marathon to show cause why it should not be dismissed for failing to obtain counsel within 21 days. (Dkt. No. 34.) The Court extended the show cause order deadline to May 29, 2020. (Dkt. No. 35.) Plaintiffs stated that they expected to retain alternate counsel by May 29, 2020. (Dkt. No. 40.) But no attorney has appeared on behalf of Marathon, and Marathon has neither requested nor shown good cause for an additional extension of time. Therefore, the Court DISMISSES Marathon from the case pursuant to Local Civil Rule 83.2(b)(4).

    **B.**    **Motion to Dismiss**

        1.    <u>Legal Standard</u>

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences" will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). The plaintiff is obligated to provide grounds for entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

1  dismissal under Federal Rule of Civil Procedure 12(b)(6) "can [also] be based on the lack of a

2  cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

3     2.   Judicial Notice

4  When ruling on a motion to dismiss for failure to state a claim, the Court may consider

5  matters that are subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th

6  Cir. 2003); Fed. R. Evid. 201. Sonkin asks the Court to take judicial notice of four exhibits,

7  including copies of the Deed of Trust ("Titus DOT") between Douglas Titus and Sierra Pacific

8  Mortgage Company, Inc.; an assignment of the Titus DOT to Nationstar Mortgage, LLC.; the

9  Frick Loan; and the subordination agreement between the Frick loan and the Berg loan. (Dkt.

10 No. 36 at 2–3; Dkt. No. 37.) Plaintiffs do not dispute the accuracy of these exhibits. Furthermore,

11 the accuracy of the exhibits is capable of verification from sources whose accuracy cannot

12 reasonably be questioned. *See* Fed. R. Evid. 201(a)–(b). Therefore, Defendant Sonkin's request

13 for judicial notice is GRANTED. The Court hereby takes judicial notice of the exhibits contained

14 in Docket Number 37.

15    3.   Claims Against Defendant Sonkin

16 Plaintiffs Crawford and Yagi bring claims against Sonkin for Truth in Lending Act

17 ("TILA") violations, fraud, and violations of Washington law. (Dkt. No. 6 at 10–13.) These

18 claims are all premised on Sonkin's duty of care to buyer and seller as trustee. (*See id.*) Sonkin

19 argues that Crawford and Yagi lack standing to pursue claims against him and that the TILA

20 claims are not viable. (Dkt. No. 36 at 11.)

21 While Plaintiffs clearly would like their action to proceed, they have not responded

22 substantively to Sonkin's motion to dismiss. Proceeding *pro se*, they submitted a response

23 captioned as a filing from Marathon Funding and signed by Crawford and Yagi, (Dkt. No. 40),

24 but only an attorney may appear on behalf of a corporation. *See* W.D. Wash. Local Civ. R.

25 83.2(b)(4). Plaintiffs' response offers three general arguments why the Court should not dismiss

26 the case.

First, Plaintiffs argue that the Court should not grant the motion because it takes advantage of Marathon's difficulty in obtaining counsel and Defendant has not been harmed by Marathon's failure to retain counsel. (*See* Dkt. No. 40 at 1–4.) But as discussed above, Marathon has been on notice since February of its need to find new counsel. (*See* Dkt. No. 30 at 2.) Marathon did not respond to the Court's show cause order, and Plaintiffs do not now request additional time to seek counsel, let alone show good cause why the Court should permit them additional time.

Second, Plaintiffs argue that Defendants have harmed Plaintiffs and engaged in fraudulent conduct and that dismissal of the case would cause significant financial losses to Plaintiffs. (*See* Dkt. No. 40 at 2–4.) But these vague and conclusory allegations do not identify a specific reason why the Rule 12(b)(6) motion to dismiss should not be granted. *See Twombly*, 550 U.S. at 545.

Third, Plaintiffs argue that Defendants did not answer the complaint within the time prescribed by Rule 12(a)(1)(A), and therefore Plaintiffs should prevail. (*See* Dkt. No. 40 at 2.) But a defendant is permitted to file a motion to dismiss before filing an answer. *See* Fed. R. Civ. P. 12(b). And a plaintiff should address a defendant's failure to answer or otherwise defend by filing their own motion, such as motion for default judgment. *See* Fed. R. Civ. P. 55. Thus, Plaintiffs offer irrelevant and ultimately meritless reasons why this action should not be dismissed.

Turning to the merits of Sonkin's motion, Sonkin argues that Plaintiffs Crawford and Yagi do not have standing to pursue the claims in their complaint. (Dkt. No. 36 at 11.) Sonkin concedes that he owed a duty of good care as a successor trustee for the deed of trust under Washington law. (*See id.*) He acknowledges that he owed this duty to the borrower, beneficiary, and grantor. *See* Wash. Rev. Code § 61.24.010(4). In this case, Marathon is the borrower-grantor on the Berg loan, and Berg is the beneficiary. (Dkt. No. 6-2 at 1.) But as discussed above, Marathon has been dismissed from the case. Crawford and Yagi are not alleged to be or listed in

the recorded documents as borrower, beneficiary, or grantor. (*See* Dkt. No. 37.) Sonkin argues that thus he owed no duty to Crawford and Yagi and therefore they have no basis to recover on behalf of Marathon. (Dkt. No. 36 at 11.) Crawford and Yagi do not dispute that they lack standing to recover on behalf of Marathon. (*See generally* Dkt. No. 40.)[1]

If a plaintiff lacks standing, then the court lacks subject matter jurisdiction and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). Plaintiffs' complaint raises very serious allegations of predatory lending and wrongful foreclosure. (*See generally* Dkt. No. 6.) But, as discussed above, Marathon has failed to pursue its claims and has been dismissed from the case. And Plaintiffs have failed to substantively oppose the motion to dismiss and to specifically dispute Sonkin's arguments that they lack standing to proceed and otherwise lack any viable claim. Their failure to substantively oppose the motion leads the Court to conclude that Sonkin's motion has merit. *See* W.D. Wash. Local Civ. R. 7(b)(2).

## III. CONCLUSION

For the foregoing reasons, Defendant Sonkin's motion to dismiss (Dkt. No. 36) is GRANTED and all claims against Defendant Sonkin are DISMISSED with prejudice. The action shall continue as to Defendant Berg. Plaintiff Marathon is DISMISSED from the action pursuant to Local Civil Rule 83.2(b)(4).

//
//
//
//

---

[1] Additionally, even if Crawford and Yagi did have standing, they would not have a viable TILA claim. The Act does not apply to credit transactions involving extension of credit for business or commercial purposes. 15 U.S.C. § 1603(1); *see also* 12 C.F.R. § 226.3(a). The language in the Berg loan specifies that the loan is for commercial, not personal, use. (*See* Dkt. No. 6-2 at 3.)

1  DATED this 16th day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE