THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARATHON FUNDING SERVICES, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LOUIS J. BERG, *et al.*,<br><br>Defendants. | CASE NO. C19-0828-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Louis J. Berg's motion to dismiss (Dkt. No. 45). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

**I.   BACKGROUND**

Plaintiffs Robert Crawford and Peter Yagi are the majority and minority shareholders, respectively, of Marathon Funding Services, Inc. ("Marathon"), a Washington corporation. (Dkt. No. 6 at 2.) In September 2016, Marathon took out a $250,000 loan from Defendant Louis Berg, who was represented by Defendant Irving Sonkin in the transaction. (Dkt. No. 6 at 2–3.) Crawford and Yagi guaranteed the loan and provided Crawford's personal residence as security. (Dkt. Nos. 6 at 4; 6-1; 6-2.) Marathon eventually defaulted on the loan, and Sonkin, acting as successor trustee, foreclosed the deed of trust and sold the property in January 2019. (Dkt. Nos. 6

at 5–6; 6-6 at 3; 6-7 at 1.)

Marathon, Crawford, and Yagi filed this action against Berg and Sonkin, alleging the defendants structured the transaction as a commercial loan even though they knew the collateral was owner-occupied property, and as a result, included illegal terms and failed to provide required disclosures. (*See generally* Dkt. No. 6.) Specifically, the complaint alleges Berg and Sonkin (1) failed to provide required disclosures in violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1635 and 1639, and its accompanying regulations, 12 C.F.R. § 226.23; (2) included a negative amortization term in violation of the Home Ownership and Equity Protection Act (HOEPA), an amendment to TILA, 15 U.S.C. § 1639; and (3) committed fraud in violation of 18 U.S.C § 1341. (*Id.* at 6–9.) Plaintiffs also brought several claims against Sonkin arising from his role as trustee. (*Id.* at 10–13.)

On July 16, 2020, the Court dismissed Marathon from the case for failing to obtain counsel. (Dkt. No. 44 at 2–3 (citing W.D. Wash. Local Civ. R. 83.2(b)(4)).) The Court also dismissed all of Crawford and Yagi's claims against Sonkin with prejudice. (*Id.* at 5–6.) The only claims remaining are those by Crawford and Yagi ("Plaintiffs") against Berg for violations of TILA and the criminal mail fraud statute. Berg moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 45.) Plaintiffs have not responded to Berg's motion.[1]

## II. DISCUSSION

### A. Legal Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] The Court may interpret Plaintiffs' non-response as an admission that Berg's motion has merit. *See* W.D. Wash. Local Civ. R. 7(b)(2).

defendant is liable for the misconduct alleged." *Id.* In determining whether dismissal is proper, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

### B.  TILA Claims

Plaintiffs allege Berg violated TILA by failing to make certain disclosures and by including certain loan terms. Congress enacted TILA, 15 U.S.C. 1601 *et seq.*, to assure meaningful disclosure of credit terms, avoid the uninformed use of credit, and protect consumers against unfair credit billing practices. *See* 15 U.S.C. § 1601(a); *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 705 (9th Cir. 1986). TILA and its implementing regulations, 12 C.F.R. 226 *et seq.*, require lenders to make certain disclosures to borrowers, and HOEPA, an amendment to TILA, prohibits certain loans from including problematic terms like negative amortization and balloon payments. *See* 15 U.S.C. § 1639(c)–(g). If a lender fails to make the required disclosures or includes unlawful loan terms, a borrower can sue for damages or rescind any credit transaction in which a security interest is created in the borrower's home. *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986) (citing 15 U.S.C. § 1635).

But TILA and HOEPA apply only to "consumer credit transactions," defined as those "in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. 1602(h). Loans for business or commercial purposes and loans to corporations are expressly exempt. 15 U.S.C. §§ 1602(c), 1603; 12 C.F.R. §§ 226.2(y), 226.3(a).

Plaintiffs do not allege facts showing that TILA plausibly applies to the loan transaction here. To the contrary, the complaint and the loan documents attached as exhibits show the loan was to a corporation for business purposes. (*See* Dkt. No. 6 at 4; Dkt. No. 6-1 at 1; Dkt. No. 6-2 at 1.) That Crawford personally guaranteed the loan and provided his residence as security for

the credit does not "transform the loan from an exempted transaction to one within the ambit of [TILA]." *Sherrill v. Verde Capital Corp.*, 719 F.2d 364, 367 (11th Cir. 1983); *see Poe v. First Nat'l Bank of DeKalb Cnty.*, 597 F.2d 895 (5th Cir. 1979) (where the purpose of the loan was for a business or commercial purpose, TILA was not applicable even though individuals joined in the notes and secured the notes with a family home); *Schulken v. Wash. Mut. Bank*, 2009 WL 4173525, slip op. at 5 (N.D. Cal. 2009) (the allegation that the loan was secured by the plaintiffs' primary residence was insufficient by itself to demonstrate the loan was for personal purposes).

The Court will ordinarily dismiss claims without prejudice, unless it is clear that any amendment would be futile. *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). Although the plaintiffs could conceivably allege additional facts giving rise to an inference that the loan was for personal purposes, such an amendment would not save their claims. In interpreting TILA, the Federal Reserve Board has concluded that loans to corporations are exempt regardless of the purpose of the credit extension and regardless of the fact that a natural person may guarantee or provide security for the credit. *See* 46 Fed. Reg. 50288 (Oct. 9, 1981) (Official Staff Commentary, 12 C.F.R. pt. 226). Unless demonstrably irrational, which is not the case here, Federal Reserve Board opinions construing TILA are dispositive. *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 564 (1980).

Accordingly, Plaintiffs' TILA claims are DISMISSED with prejudice.

**C.  Fraud Claim**

Plaintiffs also assert a claim under 18 U.S.C. § 1341, the criminal mail fraud statute. Other than in the context of the Racketeer Influenced and Corrupt Organizations Act, federal appellate courts have held there is no private right of action under 18 U.S.C. § 1341. *See Wisdom v. First Midwest Bank*, 167 F.3d 402, 408–09 (8th Cir. 1999); *Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1177–79 (6th Cir. 1979); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977); *see also Ross v. Orange Cty. Bar Ass'n*, 369 F. App'x 868, 869 (9th Cir. 2010). Accordingly, Plaintiffs' criminal

fraud claim is also DISMISSED with prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendant Berg's motion to dismiss (Dkt. No. 45) is GRANTED. Crawford and Yagi's claims against Berg are DISMISSED with prejudice.

DATED this 28th day of September 2020.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE